Good morning, may it please the Court, Julian Andre on behalf of Pedro Madrigal-Barcenas. This Court's precedent makes clear that under the INA, an alien is ineligible for cancellation of removal only if he has been convicted of an offense relating to a controlled substance as defined in the Controlled Substances Act. The as-defined language of the INA, therefore, requires that the conviction must relate not just to any controlled substance, but to a controlled substance that's actually listed in the federal schedules. The government here relies almost exclusively on this Court's past decision in Liu-Li to argue that- So, excuse me, counsel. This is a paraphernalia case, right? This is not a possession of the drug case. That is correct, Your Honor. And aren't there precedents that say when you're dealing with a paraphernalia-only case rather than a possession case, that there does not have to be an exact match between the list of drugs federally and the list of drugs in the state paraphernalia statute? Your Honor, there are cases that have dealt with drug paraphernalia, but we don't believe they've actually ever addressed the as-defined language. And the reason for that is actually rather simple. In Liu-Li and other cases that have dealt with drug paraphernalia, the drug paraphernalia conviction is very clearly related to controlled substances that were contained in the federal schedules. In Liu-Li, the Petitioner's drug paraphernalia conviction was for cocaine and heroin. In Bermudez, it related to- No, his paraphernalia conviction was for paraphernalia. Well, Your Honor, the briefs make clear that it related to cocaine and heroin. But the opinion doesn't rely on that. Your Honor, no, the opinion does not rely on that. But the opinion also doesn't go into any analysis as to the impact of the as-defined language. It's really one or two sentences that discuss the scope of Arizona and the scope of the Arizona drug paraphernalia statute and the scope of the INA. But there isn't- What is your analysis of the BIA case of Martinez-Espinosa? How does that affect your argument? Well, Your Honor, we think Martinez-Espinosa is actually just trying to rationalize their interpretation of Liu-Li and a holding that doesn't actually exist in Liu-Li. Liu-Li was dealing with the related- Well, whether it existed in Liu-Li or not, isn't Martinez contrary to the argument you're making now, and isn't the BIA bound by it? Well, Your Honor, I think this is an issue of statutory interpretation. And since the statute itself is not ambiguous, the statute's clear. The statute says the conviction must relate to the as-defined language. And so here is the- That doesn't answer my question. Is the BIA bound to follow its own decision in Martinez-Espinosa, yes or no? In this case, I don't believe they are. It's a different statute, Your Honor. Okay. And the basic point that was being made there, you think, is inapplicable to this situation? I think the factual situation that was at issue in Liu-Li, and that was at issue in all these other cases, is not what was at issue here. Here, my client was convicted of possessing a glass pipe with an unknown burnt residue. So what is the issue here? Tell me in, you know, specific words what the issue here is. The issue here is whether a drug paraphernalia conviction must relate to a controlled substance as defined in the CSA. All right. Now, who has the burden on that issue? We have the burden, Your Honor, and we believe we've had- And what did you prove? We've established under the categorical approach that the statute's overbroad. Nevada law prohibits 16-substance- No. So we move away from the categorical approach, and? Once we get to the modified- And you have to prove, though, then. You have to show that it doesn't relate to a controlled substance, right? Because you have the burden of proof. Yes, and here- Did you show that? Well, when this case was argued before the BIA, and even when the case was briefed, we were under Sandoval-Lua, which is no longer the law of the circuit. That's right. And the law now under Young is that if there is an inconclusive record, the party bearing the burden of proof loses, and in this case, that would be your client. So as a matter of legal analysis, where does that leave you now, post-Young? Well, I think there's a couple issues there. First, the record, and I'd actually like to address the government's 28-J letter. And they cited our brief, and they actually only cited a piece of it. They cut out a critical part of the sentence. What we've always said is that the record is inconclusive as to the nature of the burnt residue. But what he was convicted of is actually very clear. And what this Court said in Young and what the Supreme Court has said in Karachuri is that the focus is on the conviction itself, not on- Well, but you're trying to have it both ways, it seems to me, because on the one hand, you say, well, you can't just look at the paraphernalia. You have to look at the drug that's associated with it. But then you're saying, no, don't look at the residue because that's really the nature of the drug and not the nature of the conviction. So it seems to me that it's your argument that calls into question what is the residue if that matters. Because if the nature of the residue doesn't matter, there was paraphernalia, you're done. If the residue matters and you haven't proved what it is, once again, I don't see how you can prevail. Well, Your Honor, I think that the substance does matter. And the difference we have here is he wasn't charged with a particular substance. He wasn't charged with cocaine or methamphetamines or heroin. And he doesn't have to be under the State law, correct? Under the State law, it's questionable as to whether this charging document is sufficient. It's a notice state. We've looked into it. My client did actually attempt to withdraw his plea. Under State law- But for this purpose, it is a conclusive conviction, right? Under this purpose, he was convicted under Nevada law, yes. And it would have to be a substance under Nevada law. Nevada law is broader. Okay. Which takes us right back to where we started with Judge Tashima's question. If Nevada law covers what I'll call federally prohibited drugs, controlled substances, and some other things as well, then for you to bear the burden of proof, don't you have to show, under your theory, that it wasn't one of the prohibited things federally? Yes, Your Honor. And I think we've met that burden by our preponderance of the evidence here, in that the charging document does the – we have the criminal complaint here. And we know not that he was charged with A or B. We know that he was actually charged with neither in this particular case. He wasn't charged with possessing a controlled substance that's identified in the CSA. And he didn't – therefore, could not have been convicted of or admitted to it. But I think at a minimum, Your Honor, this Court needs to – if they reach the modified categorical approach, remand to the BIA, because we have actually an incomplete record. We never had an opportunity below or never had a need below to obtain additional documents. You had an opportunity whatever – for whatever reason. There wasn't a perceived need. But there wasn't – was there an offer of proof that was rejected about what was in this pipe? Or was it rejected that you had no opportunity to do it? Well, no, Your Honor. I mean, it's never been at issue. And it actually wasn't at issue in this appeal up until Tuesday. Well, I guess we're sort of going round and round, because if the nature of the drug doesn't matter for BIA purposes, then your client loses because he's guilty of the drug paraphernalia. But if the nature of it matters, we still have no record that would demonstrate he's carried his burden of proof. Well, Your Honor, the – our position is that the drug matters. And that's actually the basis of what this Court in Lulee said, that there has to be a connection to a controlled substance. Well, but Lulee allowed. I mean, they went through this laundry list, and they said there are 14 recognized ways plus anything else. And it could include someone saying that there's the intent to use it for a drug. It doesn't have to prove that it's actually been used for a drug at all. Well, there's a number of ways to show a connection to a controlled substance. Correct. But there has to be a connection to a controlled substance. And that's actually also what the Seventh Circuit found in Desai. In Desai, they looked at a lookalike substance. And they said that the question – that the reason the lookalike substance, the conviction for selling a lookalike substance, came under the INA was because the substance it was designed to look like was one that was actually contained in the Federal Schedules. And they went on to kind – to give an example that we think is very applicable here for drug paraphernalia. They said that if a State decides to outlaw jelly beans, that won't have an impact on one's immigration status. The rule that the government wants to apply here with respect to drug paraphernalia, at least with respect to the categorical approach, is that if a State decides to outlaw jelly beans, possession of jelly beans will not render you ineligible for cancellation of removal. Sale of jelly beans will not render you ineligible for cancellation of removal. But possession of a pipe that was used solely to smoke jelly beans renders you ineligible. Well, there is – it's not as illogical as you suggest in the following way. The paraphernalia can be used with other things, too. That pipe can be used to smoke crack cocaine or marijuana and not just jelly beans. Yes, ma'am. And so – and so it isn't – I mean, you're suggesting that it's wholly irrational to make it unlawful to have paraphernalia that's used with drugs if it can only be – you know, if in fact it's only used for this one thing. Or anyway, it just doesn't strike me as being as irrational as you suggest. Well, I mean, I think that there's some – there is some logic to what you just described. However, the full scope of the statute clearly prohibited its conduct. You can be convicted in Nevada of possessing a pipe that was used only for one of 16 drugs that is not contained in the Federal schedules. And so in order to find that it's categorically a crime that relates to a controlled substance as defined in the CSA, this Court would have to basically read out of the statute the as-defined language. And that would create a direct conflict with this Court's decision in Ruiz-Vidal. And we think there's an easier approach, which is that the relating to language is to be construed broadly. And we believe that's the issue that Lou Lee was actually addressing. And at the same time, there must still be some connection to a controlled substance. There will be circumstances where the situation you described, it might apply, but that's an issue for the modified. It's not under the categorical approach. Here, and the government doesn't really dispute this. Well, is it even possible that there's a pipe that can't be used with unlawful substances? I'm sorry? Well, I mean, I guess it depends a little bit on whether you're sort of morphing the paraphernalia statute into a possession statute, because what you're really saying is that in addition to demonstrating the paraphernalia, the government also has the burden to demonstrate the nature of the residue, which then the person also possesses, and it kind of folds them together, it seems to me. Well, I mean, I think you have to establish both. You have to establish that there's conduct that relates to controlled substances. And you have to establish that the controlled substance that it related to is actually one that's defined in the CSA. And that's what the statute actually requires. And nine times out of ten, it's probably going to be fairly easy. In most every case we've seen, and ours is an exception, it says, to wit cocaine, to wit methamphetamines, and the charging document makes it very clear. This case does not, and that's critical. And the government would like you to just ignore the categorical approach and ignore the plain text of the statute. But when you take a step back and you look at the categorical approach, this statute clearly prohibits conduct that falls outside the scope of the INA, because it prohibits conduct that could be, that could relate only to 16 controlled substances that don't are not prohibited. Did the, did the BIA adopt or endorse the categorical approach in this case? Your Honor, they ignored it. They relied solely on Lew Lee and just went, said Lew Lee establishes that this is a crime relating to a controlled substance. Well, that's not entirely true. It also relied on Martinez-Espinosa, which is what I was asking you about. And, and does discuss the issue that you've raised. It just simply has a, a different interpretation of how applicable those other principles are. Your Honor, that is correct. They did, they did address Martinez-Espinosa, and they did disagree with our position. But this Court has to know the review on that. And if, if it's okay, I'd like to reserve the remainder of my time for rebuttal. You certainly may do that. Thank you, Your Honor. We'll hear from the government. Good morning, Your Honors. May it please the Court. Eudidia Cohn on behalf of the Respondent Attorney General. This Court should deny the instant petition for review. Petitioner concedes that he is removable based on his unlawful presence in the United States, and his conviction for possession of drug paraphernalia renders him ineligible for cancellation of removal, because this conviction is for the violation of a law relating to a controlled substance. Well, it renders him ineligible only if it's a covered offense, right? That's correct, if it is a violation of a law relating to a controlled substance. Well, now, what's the government's position now? Is that Nevada statute a categorical offense? The government's position is that the Court's decision in Lew Lee controls in this case, because the statute at issue in this particular case and the statute at issue in Lew Lee are the same. But when you say the Court's decision in Lew Lee, I mean, what holding in Lew Lee is relevant for the purposes of applying to this case? In Lew Lee, the Court analyzed an Arizona statute for possession of drug paraphernalia and concluded that the alien was convicted of a law relating to a controlled substance. Here, too, we have a similar statute, which is materially identical. Did Lew Lee discuss at all? I think Arizona also has an exception for personal use. Did Lew Lee discuss that at all? The personal use exception is not at issue in this case, because the question in this case is whether Mr. Madrigal was eligible for cancellation of removal. And under 212, there is no exception for personal use. There is one under Section 237, and that has come up in several other cases. But here, the personal use exception would only arise if a Section 212H waiver were available. And as explained in the 20 HA letters submitted by the Respondent to this Court last week, Section 212H waiver is not available in this case. Therefore, the personal use exception doesn't apply here to Mr. Madrigal. In the answer to that, you submitted two letters. Which one are you talking about? That's correct. There were two letters submitted, and the letter I'm referring to right now is a letter relating to the Board's decision in matter of Bustamante. And in matter of Bustamante, the Board considered the question of whether an alien is eligible for both cancellation of removal and a waiver of inadmissibility under Section 212H. And in analyzing those two provisions, the Board explained that a waiver under Section 212H waives only a ground of inadmissibility rather than a conviction. Therefore, because cancellation requires an alien not be convicted under certain provisions of the INA, a 212H waiver would not assist an alien seeking cancellation of removal. Counsel, in the recent case from this Court of Oseguera, extended Lulee to the Washington Drug Paraphernalia Statute. And the method of decision seemed to be to take a look at the Lulee, Nevada statute, or whichever state, I'm now losing track of states, and compared it to the Washington statute and said they're materially identical. Is that, in your view, the type of analysis that our panel also has to follow in deciding whether to deny the petition or grant it? That's correct. That's what this Court has done in other decisions as well. In Bermudez and Estrada, two decisions of this Court, the Court considered first the Hawaii statute in Bermudez and then California Health and Safety Code provision in Estrada. And after concluding that there was no material difference in those drug paraphernalia possession statutes, the Court concluded that it was bound by Lulee and that Lulee controlled in that case. Here, too, the Court is bound by Lulee, and as explained in the Respondent's brief, to the extent that Petitioner argues that this Court should reconsider its decision in Lulee, this Court is bound by its prior precedent absent the decision of this Court sitting en banc. Therefore, Lulee is controlling in this case. Let me ask you this. We've sort of you have made reference to this, but the Board has been rethinking its views on the personal use exception and how that relates to drug paraphernalia when you're dealing with personal use. And Davey, obviously, is not directly applicable in this case, but in the government's view, is this an area of law where the BIA should have a new statutory piece so different that there's no point in remanding it in your view? I'm not sure I've made myself clear, but. I completely understand your question, Your Honor. And actually, the Board's decisions, both in Martino's Espinoza and its recent decision in Davey, are actually consistent with its decision in prior decisions relating to these questions in the sense that it has construed the phrase relating to broadly, and in doing so, at times, construed that broadly against the alien applicant, and at times for the alien applicant. These more recent decisions have considered the personal use exception and construed the relating to language broadly in favor of the alien applicant. Now, in prior decisions, such as Martino's Espinoza, to the extent that it related to the conviction rather than the 212H waiver, the relating to language has similarly been construed broadly, as the Supreme Court has in its decisions, and therefore, the decisions are consistent to the extent that they construe the phrase relating to broadly. I hope that makes sense. So, Your Honors, in this case, because the statute at issue is substantially similar to the statute at issue in Lew Lee, Lew Lee does control, and there's no inconsistency with Ruiz-Vidal either. In fact, footnote 5 of Ruiz-Vidal, the Court indicated that many of its decisions have broadly construed the relating to language, and the Court cited to Lew Lee. Now, the Court went on to say that at least where a conviction for possession of a particular substance is at issue, 237A2B1 requires that the substance be listed. Therefore, the Court in Ruiz-Vidal recognized that there might be two lines of cases and recognized that Ruiz-Vidal does not fall into the same line of cases as Lew Lee does and as Johnson did. And that's clearly indicated in the Ruiz-Vidal decision. For that reason, the Respondent asks that this Court deny the petition for review based on its decision in Lew Lee. And if Your Honors have no further questions, you are to submit. I don't believe that we do. Thank you. Thank you very much, Your Honors. Mr. Andre, you have some time remaining. Your Honor, I wanted to start by addressing your question regarding the personal use exception issue that was addressed most recently in a matter of Davey. And those cases actually do cut against the government's position here. They want you to consider drug paraphernalia different than possession, and that's how it was attempted to distinguish Ruiz-Vidal. Ruiz-Vidal deals with possession and drug paraphernalia separately, and Davey deals with possession and drug paraphernalia separately. And so the question is, is the use of paraphernalia something entirely different? And what matter of Davey is suggesting is that the BIA is coming around to the idea that they really aren't that different, and that's what other circuits have also found, that drug paraphernalia, at least when it comes to a pipe, is no different than use and should not be treated differently. What about his related argument on the matter of Bustamante? Are you familiar with that, in which the BIA held that there is no personal use exception applicable to cancellation? Well, we've actually not applied for a personal use exception, Your Honor, and so Well, I mean, that's the only way you would – weren't you – the only way you would get around this conviction? No, Your Honor. I mean, we believe that the statute's categorically overbroad and that we have to move to the modified categorical approach, and that, you know, we feel that the record is enough to meet our burden by a preponderance of the evidence, but there is more documents out there. What in the record meets your burden by a preponderance of the evidence? Where does it show that the specific substance is not a federally controlled substance? Well, the charging document states he was convicted of possessing with a glass pipe with burnt residue. And since he wasn't, as this Court said in Young and as the Supreme Court said in Young, the focus is on what he was convicted of. And if he wasn't charged with – Counsel, that's not an answer to my question, because you're the one who says you've got to know what that residue is to apply the modified categorical approach. And you said – That's correct. We've met our burden by a preponderance. What demonstrates by a preponderance of the evidence what that residue was? Your Honor, there is nothing in the record that demonstrates – And if there is nothing in the record, how can you have carried your burden of proof? Well, we think we've shown that that's not what he was charged with. And, I mean, what happened here is he was arrested and within 24 hours had pled guilty. He was told that he could pay a $500 fine to go home with his family and go home to see his family, or he could sit in jail for a week and hire an attorney. So he paid the fine and went home to his family. And the pipe was never tested. He was never charged with a specific controlled substance. And I think where our point is that he couldn't have admitted that it was cocaine. He couldn't have admitted that it was a controlled substance as defined under the CSA, because that's not what he was charged with. But at the same time, we do think here remand is both appropriate and is necessary. This is a change of the – But if the residue was never tested, what good is a remand? Well, Your Honor, there are documents that are potentially missing from the record. All we have is basically a docket sheet and the criminal complaint. We haven't had a chance, and we're in the process of trying to obtain additional materials, whether there's a plea transcript or there's something else. And at the same time, the BIA actually has never applied the modified categorical approach in the first instance. And our position is that at least as a unit of – No, because they don't think it's – I mean, it's circular because they don't think it's relevant in the paraphernalia context. Yes, Your Honor. But if it is relevant in the paraphernalia context, and we believe that the only way to interpret – the government stated that the relating-to language is to be construed broadly. But there has to be a limit, and that limit is it can't be construed so broadly as to swallow whole the as-defined language of the statute. And so we do think it's categorically overbroad and that at least if we get to the modified approach, that the case should be remanded. And we should at least have an opportunity to see if there's any additional documents in the record that might help us carry our burden or so that the BIA can make the determination in the first instance. And with that, we submit, Your Honor. Thank you, counsel. The case just argued is submitted. It's been well-argued by both counsel, and we particularly want to thank Mr. Andre for taking this as a pro bono matter that's very helpful to the Court when we have pro bono lawyers assisting us in these very difficult matters. So we will now take a short recess for about 10 minutes.
judges: Noonan, Tashima, Graber